UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case Number: 18-20023
                                                     Honorable David M. Lawson

v.

MALCOLM REID,

        Defendant,
_____/

## ORDER DENYING GOVERNMENT'S MOTION TO ORDER RESTITUTION

Malcolm Reid pleaded guilty to being a felon in possession of a firearm after entering into a plea agreement with the government. The plea agreement recited basic facts establishing the elements of the crime: Reid possessed a handgun at his residence in Detroit, Michigan on October 19, 2017; the gun had been manufactured outside the State of Michigan; and Reid previously had been convicted of a felony. No other facts relating to the crime were mentioned.

The presentence report provided additional context, describing an assault by Reid on his former girlfriend, identified in the report as AV1, that included Reid discharging the firearm into the air. More menacing, however, was the attack that preceded the shooting in which Reid pushed AV1 to the ground, stomped her, struck her in the head with a closed fist multiple times, and then wielded a butcher knife that cut her right hand, nearly severing her thumb. When the police were called to respond to the domestic violence dispatch, they discovered the handgun that led to this prosecution.

The plea agreement states that the Court will determine whether restitution should be ordered, and if so, how much. At the sentencing hearing, the government sought an order for the defendant to pay $7,680 to compensate AV1 for her physical and emotional injuries that resulted

from Reid's attack. The Court reserved the decision and ordered the parties to file supplemental briefs, which have been received.

Under the Crime Victims' Rights Act (CVRA), the victim of a crime is entitled, among other things "to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). A recitation of that statutory mandate begs the question here: Is AV1 entitled to restitution "as provided in law" as the victim of Reid's crime, which is possession of a firearm by a convicted felon?

Congress has authorized courts to order restitution to crime victims under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. A defendant's obligation to pay restitution is tied to the nature of the offense of conviction. The MVRA applies to criminal defendants convicted of "a crime of violence," "an offense against property . . . including any offense committed by fraud or deceit," an offense . . . relating to tampering with consumer products," "an offense . . . relating to theft of medical products," and an offense "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The Court also may order restitution under the general restitution statute "to any victim of [certain enumerated] offense[s]." 18 U.S.C. § 3663(a)(1)(A). Under that statute, the Court may order restitution by a defendant who commits "an offense for which restitution may be ordered," or "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2).

The defendant in this case was convicted of violating 18 U.S.C. § 922(g), which prohibits a convicted felon from possessing a firearm. Citing *Moore v. United States*, 178 F.3d 994 (8th Cir. 1999), the government contends that because the defendant committed an assault while he

possessed that firearm, restitution to the assault victim may be ordered. *Moore* is readily distinguishable on its facts. There, the defendant was convicted of attempted bank robbery, and the district court ordered restitution to one of the bank customers at whom the defendant pointed his weapon when he attempted to commit the robbery. 178 F.3d at 997. The defendant argued on appeal that the "victim" of that crime was the bank, not the individual, but the court of appeals found that the customer "easily qualifies as a victim" under the MVRA. *Id.* at 1001 (adopting the district court's reasoning that "[n]ot every bystander would be a victim, but everybody who was looking down the barrel of a gun seems to me to be a victim"). Bank robbery, the elements of which include those of an assault plus a larceny, plainly is a crime of violence. *See United States v. Lucas*, 736 F. App'x 593, 596 (6th Cir. 2018) (citing *United States v. Gilmore*, 282 F.3d 398, 402 (6th Cir. 2002)). Therefore, the crime was one for which restitution could be ordered under the MVRA. And bank customers generally are considered "victims" of bank robbery when the defendant's assaultive conduct is directed toward them. *See United States v. Nomeland*, 7 F.3d 744, 748 (8th Cir. 1993).

Being a felon in possession of a firearm is not a crime of violence. *Orr v. Hawk*, 156 F.3d 651, 655–56 (6th Cir. 1998); *accord Evans v. Zych*, 644 F.3d 447, 454 (6th Cir. 2011); *see also United States v. Johnson*, 953 F.2d 110, 113, 115 (4th Cir. 1992) (holding that possession of a firearm by a felon is not a "crime of violence" under the Sentencing Guidelines). And it is difficult to identify a "victim" of a possessory offense, like the one in this case. Under the MVRA, a crime victim is "a person 'directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia.'" *In re McNulty*, 597 F.3d 344, 349 (6th Cir. 2010) (quoting 18 U.S.C. § 3771(e)). "The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses." *Id.* at

350 (citations and quotations omitted). The concept of "direct harm" encompasses a "but-for" causation notion that is different from that of "proximate harm," and for both purposes the necessary inquiry is fact-specific. *Ibid.*

*United States v. Santos*, 93 F.3d 761 (11th Cir. 1996), provides some guidance. In that case, the defendant was convicted of violating 18 U.S.C. § 922(g) by possessing a firearm and ammunition as a felon. *Id*. at 762-63. The district court ordered the defendant to pay $2000 in restitution, equal to the amount taken in a robbery the government contended he committed just before his arrest. The court of appeals reversed the restitution order, finding that the defendant's conviction for possession of a firearm and ammunition does not support an order to pay restitution for harm caused by a robbery, albeit with the gun that formed the basis of the possessory offense. *Id*. at 763-64.

Here, AV1 was not harmed by Reid's mere possession of a handgun. Instead, she was harmed by his assault, which both preceded and followed the possession of the gun. She was not "directly harmed" by the mere possession (as opposed to Reid's *use* of the gun during the assault), and therefore she cannot be "an identifiable victim . . . [who] has suffered a physical injury," as a result of the offense of conviction. *See* 18 U.S.C. § 3663A(c)(1).

The parties here could have negotiated a restitution provision in their plea agreement. 18 U.S.C. § 3663(a)(1)(A) ("The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense."). But the plea agreement contains no such provision, and the Court is not free to impose one, or otherwise add to or subtract from the parties' bargain. There is no question that AV1 suffered a loss at Reid's hands. But it is not a loss that can be redressed under the MVRA or the CVRA based on Reid's conviction of the possessory offense in this case.

Accordingly, it is **ORDERED** that the government's motion for an order of restitution is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date: October 5, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 5, 2018.

                        s/Julie Owens
                        JULIE OWENS